IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: JOHN F. CURRAN | ) ) ) ) ) ) ) | NO. 3:24-cv-00862<br><br>JUDGE CAMPBELL |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

John Curran filed a pro se petition for mandamus relief (Doc. No. 1, the Petition) and a motion to waive filing fees (Doc. No. 2) in July 2024. These filings arrived in the Clerk's Office in envelopes stamped by the Hardin County Sheriff's Office, but Petitioner's address of record was and is a Post Office box in Mt. Juliet, Tennessee. Although Petitioner was clearly incarcerated in Hardin County at the time of this action's filing, his listing on the Tennessee Department of Correction's Felony Offender Information Lookup website now reflects his release on parole, to the Lebanon Probation and Parole Office.[1]

Petitioner is thus apparently no longer incarcerated. His motion to waive filing fees (Doc. No. 2) relies on his claim to seaman status; it does not include information about his financial condition. Even if Petitioner qualified as a seaman, his Petition does not seek "wages or salvage or the enforcement of laws enacted for [his] health or safety," as required for fee waiver under 28 U.S.C. § 1916 (Seamen's suits). Nonetheless, considering Petitioner's incarceration at the time of filing, the Court construes the fee waiver request as an application for leave to proceed as a pauper under 28 U.S.C. § 1915. So construed, the motion (Doc. No. 2) is provisionally **GRANTED**

---

[1] *See* https://foil.app.tn.gov/foil/details.jsp (listing for John Curran, TDOC ID# 661402) (last visited July 16, 2025).

despite its lack of financial information, in the Court's discretion and in light of the age of this case and the relief it seeks.

The Court will proceed to an initial review of whether the Petition is frivolous, malicious, or fails to state a claim upon which relief may be granted, as required by the Prison Litigation Reform Act (PLRA). 28 U.S.C. §§ 1915(e)(2), 1915A; *see Martin v. Grimshaw*, No. 98-4382, 1999 WL 1021705, at *1 (6th Cir. Nov. 2, 1999) ("An action brought under 28 U.S.C. § 1361 is a 'civil action' for purposes of the PLRA."). First, a review of Petitioner's recent federal filing history is in order.

## II. BACKGROUND

Petitioner filed an action in this Court in February 2024, in which he asked the Court, among other things, to enjoin his criminal prosecution in "the State of Tennessee case, 21-cr-170 in Hardin C[o]unty, TN." *Curran v. Fronabarger, et al.*, No. 3:24-cv-00226, Doc. No. 4 at 4 (M.D. Tenn.) (Richardson, J.). That request for injunctive relief was denied and the case was dismissed for lack of subject-matter jurisdiction, though Petitioner has a pending motion to set the judgment aside.

In June 2024, Petitioner filed a habeas corpus petition in this Court after his conviction in Hardin County case 21-cr-170, arguing that the state court did not have jurisdiction to prosecute him because his criminal conduct occurred while he was engaged in maritime activity subject to federal admiralty jurisdiction.[2] *Curran v. State of Tennessee*, No. 3:24-cv-00691 (M.D. Tenn.). This Court dismissed the matter without prejudice for failure to exhaust available state remedies on July 9, 2024, as Petitioner was then litigating post-trial proceedings in the Hardin County trial

---

[2] This jurisdictional argument was twice rejected in Petitioner's non-habeas filings—first by the Western District of Tennessee in *Curran v. Fronabarger*, No. 123-CV-01064-STA-jay, 2023 WL 7179080, at *3–4 (W.D. Tenn. Sept. 29, 2023), *report and recommendation adopted*, 2023 WL 7167161 (W.D. Tenn. Oct. 31, 2023), and then by Judge Richardson in Case No. 3:24-cv-00226, at Doc. No. 40.

2

court and had a stayed appeal before the Tennessee Court of Criminal Appeals. The Court concluded its dismissal order by advising Petitioner that "any future filing under Section 2254 related to convictions out of Hardin County is properly filed in the Western District of Tennessee, where Hardin County lies. (No. 3:24-cv-00691, Doc. No. 7 at 3 (citing 28 U.S.C. § 123(c)(1)).)

On July 16, 2024, Petitioner filed the instant action. This time, he invokes the Court's mandamus jurisdiction under 28 U.S.C. § 1361 in order to oppose (1) his intrastate extradition from federal to state custody without a hearing following his April 22, 2024 arrest in Tennessee by U.S. Marshals, and (2) the exercise of criminal jurisdiction over him in Hardin County case 21-cr-170. (Doc. No. 1.) In support of his request for mandamus relief, Petitioner alleges that the Hardin County Circuit Court issued a capias warrant for his arrest on February 14, 2024, after he failed to appear for his sentencing hearing (*id.* at 5; Doc. No. 1-1 at 8); that, when he later learned of the outstanding warrant, he left his Middle Tennessee home and surrendered himself to the Ohio Valley headquarters of the U.S. Coast Guard, which declined to take custody of him and directed him to return to his home (Doc. No. 1 at 5–6); and, that a U.S. Marshal arrested him at his home on April 22, 2024, and "transferred [him] to state custody that same morning" despite his demand for a hearing prior to this alleged extradition. (*Id.* at 6.) He asks this Court to remove him from state custody to federal custody, and to "issue an order reversing the [U.S. Marshal's] denial of [an] extradition [hearing]." (*Id.* at 9.) He asks that the extradition issue be heard in this Court and decided in his favor, and that the Court then issue a writ to the Hardin County court dismissing case 21-cr-170. (*Id.*)

### III. DISCUSSION

Section 1361 grants district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

3

owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is an extraordinary remedy to be invoked only in exceptional circumstances. *Kerr v. United States Dist. Court for the N. Dist. of California*, 426 U.S. 394, 402 (1976). To establish mandamus jurisdiction, a petitioner must establish that he has a clear right to relief; that the respondent has a clear, non-discretionary duty to act; and that there is no other adequate remedy available. *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984); *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001).

Here, there is no federal respondent to whom a Section 1361 writ could be directed. Petitioner has not been in federal detention, nor does it appear that he is or was subject to federal detainer or other federal process. Even if the instant "In Re: John F. Curran" Petition is liberally construed as directed against the U.S. Marshals Service, Petitioner has not presented grounds for finding that said federal law enforcement agency is currently refusing to perform a duty owed to him, or that the agency was at any point obliged to hold him in federal custody after arresting him on a state warrant, just because of his request for a hearing.[3] Nor does Petitioner's preference to be held in a federal detention center rather than a county jail while the matter of Hardin County's jurisdiction to prosecute him is resolved constitute exceptional circumstances justifying the extraordinary remedy of mandamus.

As to Petitioner's request for an order enjoining his ongoing state criminal prosecution, such a request in a federal civil action was previously denied on abstention grounds. *See Curran v. Fronabarger*, No. 123-CV-01064-STA-jay, Doc. Nos. 46, 75 (W.D. Tenn.). As the Western

---

[3] Indeed, despite his allegation that his "arresting officer was a U.S. Marshal" (Doc. No. 1 at 6), Petitioner has not grounded his asserted right to an extradition hearing in a sufficient showing that he was *ever* in federal custody. *See generally United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989) (finding that, for purposes of the federal Speedy Trial Act, a defendant is not federally "arrested" until he is formally charged with a federal crime; "[r]egardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest" implicates federal Speedy Trial protections).

4

District found, abstention under the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate where, as in Petitioner's case, the state criminal proceeding "1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Id.*, Doc. No. 75 at 4 (quoting *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006)). This Court takes judicial notice that Petitioner's appeal from his conviction in Hardin County case 21-cr-170 remains pending before the Tennessee Court of Criminal Appeals, where it is scheduled to be argued or submitted on the briefs on August 5, 2025. *See* https://pch.tncourts.gov/CaseDetails.aspx?id=88332&Party=True (last visited July 16, 2025).[4] Thus, even if Mr. Curran's mandamus petition were otherwise colorable, abstention from considering his request for an order enjoining proceedings in the state courts would continue to be required as a matter of federal-state comity.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that the Petition fails to state a claim upon which relief may be granted. It is therefore **DISMISSED**. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Any pending motions are **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

---

[4] *See* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record." (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969))).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE